### PEOPLE v. FICHTEN.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

FOOD (§ 14*)—ILLEGAL SALE—OLEOMARGARINE—STATUTE—CONSTRUCTION.
Under Agricultural Law (Consol. Laws 1909, c. 1). § 41, providing that no oleomargarine shall be sold or offered for sale save in sealed packages, the original seal of which shall be unbroken, it was a violation to sell a package of oleomargarine wrapped in parchment paper with a band around it attached to the seal, where the band was broken, so that there was no difficulty in opening or changing the contents of the package.
[Ed. Note.—For other cases, see Food, Dec. Dig. § 14.*]

Appeal from Municipal Court of New York.
Action by the People against Henry C. Fichten. From a judgment for defendant, the People appeal. Reversed.
Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Robert P. Beyer, Deputy Atty. Gen., for the People.
Frank K. Runyon and Joseph F. Farmer, for respondent.

HIRSCHBERG, J. The action is brought to recover a penalty claimed to have been incurred by the violation of section 41 of the agricultural law (chapter 1 of the Consolidated Laws 1909, as enacted February 17, 1909), in the sale of a package of oleomargarine. The section provides as follows:

"No such substance shall hereafter be sold, offered or exposed for sale in this state except it be sold in packages containing not more than five pounds, such packages to be wrapped and sealed, the original seal of which shall be unbroken and upon which seal shall be plainly printed the name and address of the manufacturer of said oleomargarine, and the said packages shall be plainly and conspicuously labeled with the word 'Oleomargarine' in gothic or equally conspicuous letters at least three-eighths of an inch high."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The evidence clearly shows a sale by the defendant of a package of oleomargarine, and, I think, in violation of the requirements of the law.

The purchase in question was made by two inspectors of the Department of Agriculture. The package of oleomargarine was wrapped in parchment paper with a band around it attached to the seal. The band was labeled with the word "Oleomargarine," as required by the statute, and the seal bore the name and address of the manufacturer. The seal, as such, was unbroken; but the band to which it was attached was broken at the time, so that there was no difficulty in opening or changing the contents of the package. The contention on the part of the appellants is that the breaking of the band was the equivalent of the breaking of the seal, within the intent of the statute, while the respondent insists that, inasmuch as the seal itself was unbroken, there was no violation of the law.

No decisions in this state have been found upon the question presented. It seems clear to me, however, that the statute was violated, not because the seal was broken, but because in the condition in which the package was sold it was unsealed. The breaking of the band necessarily operated to unseal the package, and a loose seal could not be used by the vendor in compliance with the requirements of the law. He could not take a single loose seal, for instance, and lay it on the outside of each package as he offered it for sale, using the same seal all the time. An affirmance of the judgment appealed from would destroy and defeat the obvious purpose of the law. That contemplates that the product in question should be securely wrapped and sealed so that the contents, as furnished by the manufacturer, should remain intact until placed in the possession of the purchaser, with the word "Oleomargarine" remaining labeled on the package and the unbroken seal of the manufacturer in some manner attached and remaining attached thereto.

The judgment should be reversed. All concur.