PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. WILLIAM S. WILCOX, Defendant.

(Supreme Court, Saratoga Trial Term, April, 1918.)

Constitutional law — provision of section 41 of the Agricultural Law — valid exercise of police power.
Penalties — action to recover — statutes — meaning of "sealed"— evidence.

Section 41 of the Agricultural Law, which provides that no substance in imitation of butter shall be sold, offered for sale or exposed for sale in this state "except it be sold in packages containing not more than five pounds, such packages to be wrapped and sealed, the original seal of which shall be unbroken and upon which seal shall be plainly printed the name and address of the manufacturer of said oleomargarine," is a valid exercise of the police power and is not in violation of any constitutional provision.

Where in an action to recover a penalty for a violation of said statute it appears that defendant sold a package of "Nut Margarine, Cocoanut Brand Oleomargarine" wrapped in a paper folded so as to completely cover it, and as thus wrapped

it was placed in a carton so shaped and cut that when placed in the intended position the ends were caught one in the other and held the package inclosed, and there was no other fastening and no band or seal about the substance or carton, the defendant is liable because at the time of the sale the package was not "sealed" within the meaning of the statute.

ACTION to recover a penalty.

Henry W. Benton, for plaintiff.

Henry F. Toohey, for defendant.

VAN KIRK, J.   The complaint in this action alleges that, on the 20th day of February, 1917, "the defendant offered for sale, exposed for sale and sold an article used for food, bearing label thereon ' Nut Margarine, Cocoanut Brand Oleomargarine;' " that said substance was not made from pure milk or cream of the same and was a substitute for butter; that said package was not sealed as required by statute, nor was there plainly printed upon said seal the name and address of the manufacturer of said oleomargarine. Section 41 of the Agricultural Law provides, " No such substance [substance in imitation of butter] shall hereafter be sold, offered for sale or exposed for sale in this state except it be sold in packages containing not more than five pounds, such packages to be wrapped and sealed, the original seal of which shall be unbroken and upon which seal shall be plainly printed the name and address of the manufacturer of said oleomargarine." This statute is a valid exercise of the police power and is not in violation of any provision of the Constitution. *People* v. *Von Kampen,* 149 App. Div. 887; affd., 210 N. Y. 381.

The defendant sold, in the village of Schuylerville,

Saratoga county, N. Y., on or about February 20, 1917, a package of oleomargarine, a substance in imitation of butter and not made from pure milk or cream of the same. The substance was wrapped in a paper folded so as to completely cover it, and as thus wrapped was placed in a carton or paper-board box, so shaped and cut that, when placed in the intended position, the ends were caught one in the other and. held the package inclosed. There was no other fastening and no band or seal about the substance or the carton. The one question is, Was the package sealed? In Webster's International Dictionary "sealed " is defined, " to fasten with a seal, or a fastening impressed with a seal to guarantee security." Sealed, in its ordinary sense, and as used in this statute, means to so fasten that the seal, or the band or wrapper fastened by the seal, must be torn or broken to remove the inclosed article. This substance was wrapped, but was not sealed. The defendant is liable for the penalty fixed by the statute, " because in the condition in which the package was sold it was unsealed." *People* v. *Fichten,* 146 App. Div. 307. The evidence discloses that there was no wilful or intentional violation of the law by this defendant, and the penalty should be the minimum penalty fixed by the statute, fifty dollars.

Judgment accordingly.